[Cite as *Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Edn.*, 163 Ohio Misc.2d 10, 2011-Ohio-886.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALTERNATIVES UNLIMITED-SPECIAL,
INC., et al.,

Case No. 2009-03410

February 7, 2011

v.

OHIO DEPARTMENT OF EDUCATION

Aaron D. Plasco and Amy L. Tumey; and Luther L. Liggett Jr., for plaintiffs.

Michael DeWine, Attorney General, and Christopher P. Conomy, Assistant Attorney General, for defendant.

CLARK, Judge.

{¶ 1} On August 19, 2010, plaintiffs, Alternatives Unlimited-Special, Inc. ("AU-Special") and Alternatives Unlimited, Inc. ("AU, Inc.") filed a motion for partial summary judgment pursuant to Civ.R. 56(A). On September 3, 2010, defendant, the Ohio Department of Education ("ODE") filed a response and a cross-motion for partial summary judgment.[1] On September 20, 2010, plaintiffs filed a response to defendant's cross-motion and a motion for leave to file the same, and a motion for leave to file an

---

[1] On September 1, 2010, defendant filed a motion to stay the proceedings pursuant to Civ.R. 41(D) pending payment of costs that were assessed in case No. 2002-0482. Inasmuch as those costs were subsequently paid by plaintiffs, defendant's motion is denied as moot.

amended motion for partial summary judgment. Plaintiffs' motions for leave are hereby granted instanter. On December 22, 2010, the court held an oral hearing on the motions.

**{¶ 2}** Civ.R. 56(C) states:

**{¶ 3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317. As an initial matter, in its response to plaintiffs' motion for summary judgment, defendant asserts that plaintiffs have improperly relied on trial transcripts from case No. 2002-04682. However, on September 20, 2010, plaintiffs filed both an amended motion for partial summary judgment and a transcript of proceedings in case No. 2002-04682. Inasmuch as Civ.R. 56(C) provides that "transcripts of evidence" may be considered in ruling on a motion for summary judgment, the transcripts from case No. 2002-04682 shall be considered as evidence in this case.

2

**{¶ 4}** Plaintiffs' claims arise from a contract that was executed by the parties in 1999. In this case, plaintiffs have refiled claims that were originally filed in case No. 2002-04682. On December 9, 2008, the Tenth District Court of Appeals issued a decision in case No. 2002-04682 affirming the May 2, 2008 judgment of this court, which granted partial summary judgment to defendant. In its decision, the court of appeals summarized the procedural history of the case as follows:

**{¶ 5}** "On May 7, 2002, appellants filed suit against ODE in the Court of Claims, asserting two causes of action for breach of contract, which included claims for promissory estoppel and unjust enrichment. Appellants generally sought declaratory judgment and monetary damages for ODE's failure to pay for all of the students actually enrolled and taught at [the Cleveland Alternatives Learning Academy] CALA, as well as the alleged invalid, unilateral rescission of the contract. ODE countered that it owed no obligation to provide funding for students improperly enrolled in grades two, seven, and eight, and that certain individuals associated with appellants were entitled to rescind the contract as the governing authority. ODE also asserted that appellants lacked standing to bring suit on the contract.

**{¶ 6}** "The issues of liability and damages were bifurcated, and the case eventually proceeded to trial regarding liability only on July 12, 2004. On September 15, 2005, the trial court issued its judgment in favor of ODE, concluding that neither AU-Special nor AU, Inc. was a party to the contract as the governing authority for CALA, and, thus, they lacked standing to pursue their claims for breach of contract. Appellants appealed, and in *Alternatives Unlimited-Special, Inc. v. Ohio Dep't of Educ.*, 168 Ohio App. 3d 592, 2006 Ohio 4779, 861 N.E.2d 163 ('Alternatives I'), this court reversed the judgment of the trial court, finding ODE was estopped from denying appellants' standing

3

based upon an unrelated case in another appellate jurisdiction, in which the state and appellants agreed that appellants were the 'governing authority' for CALA, and, thus, were the proper party in the present case. This court remanded the matter to the Court of Claims.

{¶ 7} "Upon remand, prior to trial, ODE moved for partial summary judgment, arguing that the contract between the parties was never modified to include funding for grades two, seven, and eight. After an oral hearing on ODE's motion for partial summary judgment, at which appellants did not appear, the trial court granted ODE's motion. On April 23, 2008, appellants moved to amend their complaint to dismiss without prejudice all remaining claims not related to the funding for grades two, seven, and eight. On May 2, 2008, the trial court entered judgment for ODE." *Alternatives Unlimited-Special, Inc. v. Ohio Dept. of Edn.*, Franklin App. No. 08AP-396, 2008-Ohio-6427 ("*Alternatives II*"), ¶ 4-6.

{¶ 8} In this case, plaintiffs are asserting the same claims regarding grades three through six that were asserted in case No. 2002-04682, but were later dismissed with the filing of an amended complaint pursuant to Civ.R. 15(A). Counts 1 through 3 of the complaint in this case are identical to the first three counts in the complaint filed in case No. 2002-04682.[2]

**EQUITABLE CLAIMS**

{¶ 9} Defendant asserts that it is entitled to judgment as a matter of law on plaintiffs' claims for unjust enrichment and promissory estoppel. At the December 22, 2010 oral hearing, plaintiffs conceded that they cannot prevail on their claims for

---

[2]On March 5, 2010, the Tenth District Court of Appeals issued a decision finding that plaintiffs' claims regarding grades three through six were timely filed pursuant to the saving statute, R.C. 2305.19(A).

4

equitable relief (Counts 2 and 3) inasmuch as a valid contract existed. See *Alternatives II*, 2008-Ohio-6427, ¶ 23. Accordingly, defendant is entitled to judgment as a matter of law on plaintiffs' claims for unjust enrichment and promissory estoppel.

**LOST PROFITS**

{¶ 10} Defendant also asserts that it is entitled to judgment as a matter of law on plaintiffs' claim for lost profits "because the contract and the governing statutes do not permit community schools to operate as profit-making enterprises."

{¶ 11} "The contract must also specify that 'the school shall be established as * * * [a] nonprofit corporation established under Chapter 1702. of the Revised Code.' R.C. 3314.03(A)(1)(a)." *Alternatives I*, 168 Ohio App.3d 592, 2006-Ohio-4779, 861 N.E.2d 163, ¶ 5.

{¶ 12} Defendant argues that inasmuch as AU-Special was established as a nonprofit entity, "as a matter of public policy," the governing authority of a public school should not be "engaged in a profit-making enterprise." However, defendant has not identified any provision of the contract, nor has defendant identified any legal authority, to support that argument.

{¶ 13} Although plaintiffs formed AU-Special as a nonprofit entity to operate CALA, it does not follow that plaintiffs cannot recover damages in the form of lost profits should they prevail on their claim for breach of contract. See *Greene Cty. Guidance Ctr., Inc. v. Greene-Clinton Community Mental Health Bd.* (1984), 19 Ohio App.3d 1, 6 (A nonprofit corporation may recover lost profits as money damages when its funding contract is unlawfully terminated or nonrenewed). Accordingly, defendant is not entitled to judgment as a matter of law.

**BREACH OF CONTRACT**

5

**{¶ 14}** "[I]n an action for breach of contract, the plaintiff has the burden of proving four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *Alternatives II*, 2008-Ohio-6427, at ¶ 12, citing *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081.

**{¶ 15}** The parties executed a five-year contract for the term September 1, 1999, to June 30, 2004, which authorized plaintiffs to operate the school for students in grades three through six. Pursuant to the contract, plaintiffs received funding for the 1999-2000 and 2000-2001 school years. However, on August 24, 2001, before CALA was reopened for its third year of operation, defendant sent a letter stating, "Please be advised the community school known as the Cleveland Alternatives Learning Academy no longer has the authority to operate as a community school pursuant to Chapter 3314 of the Ohio Revised Code. The governing authority members of the school, Elijah Scott and David Smith, rescinded the contract with the Sponsor, State Board of Education, effective August 1, 2001."[3]

**{¶ 16}** With regard to performance, plaintiffs assert that "AU Special operated the community school contemplated in the agreement until it was no longer able to continue due to lack of funding from ODE." There is no dispute that plaintiffs operated CALA for the 1999-2000 and 2000-2001 academic years. Furthermore, plaintiffs presented evidence that CALA opened in the fall of 2001. Accordingly, the court finds that there is no genuine issue of material fact as to whether plaintiffs operated CALA for the first two

---

[3]Plaintiffs contended that the purported recision was invalid inasmuch as Scott and Smith were not the governing authority of CALA. The Tenth District Court of Appeals subsequently determined that defendant was collaterally estopped from denying that AU was the governing authority of CALA inasmuch as the state had previously taken that position during litigation in a court of competent jurisdiction. *Alternatives I*, 168 Ohio App.3d 592, 2006-Ohio-4779, 861 N.E.2d 163, at ¶ 51.

6

academic years of the five-year contract period, albeit not to defendant's satisfaction, and that they were prepared to continue operations when the contract was terminated.

{¶ 17} Plaintiffs assert that defendant failed to fulfill its contractual obligations with regard to termination as set forth in Article VIII of the contract, which provides:

{¶ 18} "The expiration of this contract for Cleveland Alternatives Learning Academy Community School between the SPONSOR and the GOVERNING AUTHORITY shall be the date provided in this contract. * * * The termination of this contract shall be effective only at the conclusion of a school year. At least **180 days** prior to the termination or non-renewal of this contract, the SPONSOR shall notify the Cleveland Alternatives Learning Academy Community School of the proposed action in writing. The notice shall include the reasons for the proposed action in detail and that the Cleveland Alternatives Learning Academy Community School may, within fourteen days of receiving the notice, request an informal hearing before the SPONSOR. Such request shall be in writing." (Boldface and capitalization sic.)

{¶ 19} The court notes that defendant has stipulated "that no termination letter was sent." Inasmuch as CALA did not receive written notice of the termination of the contract, plaintiffs were never given the opportunity to request an informal hearing as provided in Article VIII of the contract. Rather, defendant unilaterally terminated the contract, without notice, with three academic years remaining before the contract period ended.

{¶ 20} Furthermore, R.C. 3314.07 also provides limitations regarding the expiration, termination, or nonrenewal of a contract establishing a community school as follows:

7

**{¶ 21}** "(A)  The expiration of the contract for a community school between a sponsor and a school shall be the date provided in the contract.  A successor contract may be entered into pursuant to division (E) of section 3314.03 of the Revised Code unless the contract is terminated or not renewed * * *.

**{¶ 22}** "(B) (1)  A sponsor may choose not to renew a contract at its expiration or may choose to terminate a contract prior to its expiration for any of the following reasons:

**{¶ 23}** "(a) Failure to meet student performance requirements stated in the contract;

**{¶ 24}** "(b) Failure to meet generally accepted standards of fiscal management;

**{¶ 25}** "(c) Violation of any provision of the contract or applicable state or federal law;

**{¶ 26}** "(d) Other good cause.

**{¶ 27}** "(2) A sponsor may choose to terminate a contract prior to its expiration if the sponsor has suspended the operation of the contract under section 3314.072 [3314.07.2] of the Revised Code.

**{¶ 28}** "(3) *At least ninety days prior to the termination or nonrenewal of a contract, the sponsor shall notify the school of the proposed action in writing.*  The notice shall include the reasons for the proposed action in detail, the effective date of the termination or nonrenewal, and a statement that the school may, within fourteen days of receiving the notice, request an informal hearing before the sponsor.  Such request must be in writing. The informal hearing shall be held within seventy days of the receipt of a request for the hearing. Promptly following the informal hearing, the sponsor

8

shall issue a written decision either affirming or rescinding the decision to terminate or not renew the contract.

{¶ 29} "(4) A decision by the sponsor to terminate a contract may be appealed to the state board of education. The decision by the state board pertaining to an appeal under this division is final. If the sponsor is the state board, its decision to terminate a contract under division (B)(3) of this section shall be final.

{¶ 30} "(5) The termination of a contract under this section shall be effective upon the occurrence of the later of the following events:

{¶ 31} "(a) Ninety days following the date the sponsor notifies the school of its decision to terminate the contract as prescribed in division (B)(3) of this section;

{¶ 32} "(b) If an informal hearing is requested under division (B)(3) of this section and as a result of that hearing the sponsor affirms its decision to terminate the contract, the effective date of the termination specified in the notice issued under division (B)(3) of this section, or if that decision is appealed to the state board under division (B)(4) of this section and the state board affirms that decision, the date established in the resolution of the state board affirming the sponsor's decision." (Emphasis added.)

{¶ 33} Defendant had the authority to terminate the contract with plaintiffs prior to its expiration for any of the reasons listed in R.C. 3314.07 (B) (1). However, defendant was required to notify CALA of the proposed termination in writing at least 90 days prior thereto. As stated above, defendant failed to provide any written notice of termination prior to the August 24, 2001 letter that purported to rescind the contract. Thus, defendant committed a breach of the contract by failing to provide plaintiffs with either the required statutory or contractual notice of termination.

9

**{¶ 34}** Based upon the foregoing, defendant's motion for partial summary judgment shall be granted as to plaintiffs' claims for unjust enrichment and promissory estoppel, and judgment shall be rendered in favor of plaintiffs on their breach-of-contract claim as to grades three through six.

So ordered.